# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JAN ENGLISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-237 |
| ) | (Phillips) |
| QUE LINDA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Demand for Jury Trial [Doc. 8]. On May 26, 2010, Plaintiff filed suit under Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. [Plaintiff's Complaint, Doc. 1]. Plaintiff seeks declaratory and injunctive relief against Que Linda, Inc. ("Que Linda"), the owner of a Mexican restaurant in Knoxville, Tennessee. [Id.]. Plaintiff, who suffers from various disabilities and requires a wheelchair, seeks the removal of alleged barriers at Pelancho's Mexican Grill located at 1516 Downtown West Boulevard, Knoxville, Tennessee. [Id.].

On July 15, 2010, Plaintiff filed a Motion to Strike Defendant's Demand for Jury Trial [Doc. 8]. Plaintiff argues that "the parties do not have the right to trial by jury in an action brought pursuant the ADA seeking only injunctive relief." [Id. at 1]. Accordingly, Plaintiff argues that Defendant's request for a jury trial was improper and should be denied pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

For the following reasons, Plaintiff's Motion to Strike [Doc. 8] is **GRANTED**, whereby

1

Defendant's request for a jury trial is **DENIED**. The Scheduling Order [Doc. 9] will be amended accordingly.

I.     ANALYSIS

To enforce Title III, the ADA contains both a private right of action, 42 U.S.C. § 12188(a), and a right of action for the Attorney General, 42 U.S.C. § 12188(b). The only remedies available under the private right of action are injunctive relief and the recovery of attorney's fees and costs. 42 U.S.C. § 12188(a)(1); 42 U.S.C. § 2000a-3(a). In the present case, Plaintiff–a private individual–seeks injunctive relief under Title III of the ADA.

While the Court of Appeals for the Sixth Circuit has not expressly held that private plaintiffs suing under Title III of the ADA are not entitled to jury trials, it has suggested that jury trials are not appropriate. *See* Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 635 (6th Cir. 2000) (Gilman, J., dissenting). In Gonzales, Judge Gilman wrote a dissenting opinion in which he stated that "it appears doubtful that private plaintiffs suing under Title III of the ADA are entitled to a jury trial . . ." Id. (citing Abbott v. Bragdon, 882 F. Supp. 181, 182 (D. Me. 1995) (suggesting that there is no right to a jury trial in suits brought by private plaintiffs under Title III of the ADA)).

While the Court of Appeals has not expressly decided this issue, other courts have held that private plaintiffs suing under Title III of the ADA are not entitled to jury trials. *See* Sharer v. Oregon, No. 04-CV-1690-BR, 2007 WL 3348265, at *3 (D. Or. Nov. 6, 2007) (holding no right to a jury trial on ADA claim seeking only prospective injunctive relief); Cherry v. City College of San Francisco, No. C04-04981, 2006 WL 249519, at *1 (N.D. Cal. Jan. 31, 2006) (holding the same); Hatcher v. RMR Inv. Co., No. 3:04-0817, 2005 WL 2338788, at *4 (M.D. Tenn. Sept. 23, 2005) ("Title III of the ADA does not provide for monetary damages, or concomitantly, a jury trial, when

the action is brought by a 'person who is being subjected to discrimination.'") (citing Gonzales, 225 F.3d at 635) (Gilman, J., dissenting); Smith v. WalMart Stores, Inc., 167 F.3d 286, 293 (6th Cir. 1999) (recognizing that the Title III enforcement statute, 42 U.S.C. § 12188, does not provide for monetary damages); Fischer v. SJB P.D., Inc., 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA. As a result, a plaintiff who files an ADA claim can at most hope to improve access through an injunction.").

In fact, the present case is nearly identical to Harty v. Tathata, Inc., No. 5:10-CV-00114-FL, 2010 WL 3186883 (E.D. N.C. Aug. 11, 2010). In Harty, the plaintiff filed suit under Title III of the ADA, and the defendant requested a jury trial. Id. at *1. In response, the plaintiff filed a motion to strike the defendant's request for a jury trial. Id. The court granted the plaintiff's motion, holding that because "the matter is an equitable one [seeking injunctive relief under Title III of the ADA] . . . there is no right to a jury trial." Id. (citations omitted).

While the Court of Appeals for the Sixth Circuit has not expressly held that private plaintiffs suing under Title III of the ADA are not entitled to jury trials, the court has suggested that there is no right to a jury trial. *See* Gonzales, 225 F.3d at 635 (Gilman, J., dissenting). In addition, the majority of courts addressing this issue have held that private plaintiffs suing under Title III of the ADA are not entitled to jury trials. *See, e.g.*, Hatcher, 2005 WL 2338788, at *4. Accordingly, the Court holds that the parties are not entitled to a jury trial in the present case.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike [Doc. 8] is **GRANTED**, whereby Defendant's request for a jury trial is **DENIED**. The Scheduling Order [Doc. 9] will be amended accordingly.

3

**IT IS SO ORDERED**.

**ENTER:**

     s/ Thomas W. Phillips
    United States District Judge